The state of this case very fully appears in the opinion of the Chief Justice.
Kirkpatrick, C. J.
— This is an action of covenant, and plea of non infregit conventionem, &o.
The reasons assigned for the reversal of the judgment are,
1st. That the defendant below, upon the trial, offered in evidence, a release from Jesse Upson, one of the plaintiffs; and that this evidence was overruled because there was no instrumental or subscribing witness to the said release, although the said defendant proved the handwriting of the said plaintiff, and insisted on the right of the jury to infer from that fact, that the seal was the seal of the said Jesse Upson.
2d. That though the action is in covenant, the verdict and judgment are stated on the record to be for debt And,
3d. That the name of James Howell, one of the plaintiffs, is not mentioned in the body of the venire.
' [273] If the facts contained in the first reason were apparent [*] on the record, it would afford matter of consideration, but they are not there apparent. The words of the return, as to this matter, are, “ the defendant offered for evidence, with a seal signed by Jesse Upson, dated the 17th day of February, 1807. The handwriting was proved, but not the seal; it was overruled.” The return does not say that the *355 thing offered was a release, or that it had any relation to the subject matter of the controversy, or for what cause it was overruled. It may have been altogether irrelevant. There is much reason, indeed, to suppose that the truth of the matter is as stated in the reason; but from mistake, or from some worse cause, it does not appear on the return, and I do not see that we can supply it. The party, if he would rest on this reason, should have taken care to have the facts clearly established before this court.
Ford, for plaintiff.
As to the second reason, it has frequently been raised here, hut it has never, so far as I know, been considered as ground of reversal. It is, to make the most of it, but an inaccuracy in the entry, and in no way goes to preclude either party from a fair and full investigation of the matter in dispute, or to exact more money than is actually due. It is certain that, in technical language, the verdict and judgment on actions of covenant, should be entered for damages, and not for debt. But many of the justices seem to have taken the word debt in a sense different from its true signification. They mean by it, the principal sum recovered, whether for debt or damages, as contradistinguished from the costs. And as it has now become altogether intelligible, and works no wrong, I think it cannot be considered as a fatal error.[1]
As to the venire, according to the opinion heretofore given, I believe that exception ought to have been taken at the trial.
Upon the whole, though I could wish the proceeding had been more regular, and the record more intelligible, yet I cannot say there is any radical error.
Rosseee and Pessihgton, Justices, concurred.
Judgment affirmed.
Cited is Meeker v. Potter, 2 South. 586.

 S. P. ante, 343. Coxe 93. South. 588.